IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED
JUN 10 2025
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:25-cr-14   Erie |
| | ) | |
| ROBERT ALAN PEPUS | ) | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a six-count Indictment against the above-named defendant for alleged violations of federal law:

| **COUNT** | **OFFENSE/DATE** | **TITLE/SECTION** |
|---|---|---|
| 1 - 3 | Sexual exploitation of a minor<br>On or about<br>October 5, 2024<br>October 12, 2024<br>October 27, 2024 | 18 U.S.C. §§ 2251(a) and 2251(e) |
| 4 | Inducing a minor to engage in illegal sexual activity<br>From in and around September 2024, to in and around October 2024 | 18 U.S.C. § 2422(b) |
| 5 | Travel to engage in illicit sexual conduct<br>In and around October 2024 | 18 U.S.C. §§ 2423(b) and 2423(e) |
| 6 | Possession of material depicting the sexual exploitation | 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) |

of a minor
In and around October 2024

## II. <u>ELEMENTS OF THE OFFENSES</u>

A.  **As to Counts 1 through 3:**

In order for the crime of sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2251(a) and 2251(e), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct, or attempted to do so, as those terms are defined in Title 18, United States Code, Section 2256.

2. That the defendant intended that the minor engage in sexually explicit conduct.

3. That the purpose for using, persuading, inducing or enticing the minor to engage in such conduct, or attempting to do so, was to produce a visual depiction of such conduct.

4. That the production of the visual depiction involved the use of materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, or that the visual depiction had actually been transported in interstate or foreign commerce or mailed.

Title 18, United States Code, Sections 2251(a) and 2251(e).

B. **As to Count 4:**

In order for the crime of inducing a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

2

      1.      That the defendant used the mail or any facility or means of interstate or foreign commerce.

      2.      To knowingly persuade, induce, entice, or coerce any individual who had not attained the age of 18 years.

      3.      To engage in prostitution or any sexual activity for which any person can be charged with a criminal offense.

Title 18, United States Code, Section 2422(b).

**C. As to Count 5:**

In order for the crime of travel to engage in illicit sexual conduct, in violation of 18 U.S.C. §§ 2423(b) and 2423(e), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

      1.      That the defendant traveled in interstate or foreign commerce or attempted to do so.

      2.      That the defendant traveled with intent to engage in any illicit sexual conduct with another person.

      3.      That the illicit sexual conduct is a sexual act (as defined in Section 2246) with a person under 18 years of age that would be in violation of Chapter 109A if the sexual act occurred in the special maritime or territorial jurisdiction of the United States, or any commercial sex act (as defined in section 1591) with a person under 18 years of age, or production of child pornography (as defined in Title 18, United States Code, Section 2256(8)).

Title 18, United States Code, Sections 2423(b) and (f).

**D.     As to Count 6:**

In order for the crime of possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly possessed one or more items which contained a visual depiction of a minor engaging in sexually explicit conduct.

2. That the item which contained the visual depiction had been mailed, transported, or shipped in interstate commerce, or had been produced using materials which had been mailed or transported or shipped in interstate commerce.

3. That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

Title 18, United States Code, Section 2252(a)(4)(B).

### III. PENALTIES

**A.     As to Counts 1 through 3: Sexual exploitation of a minor (18 U.S.C. §§ 2251(a) and 2251(e)):**

1. Imprisonment of not less than fifteen (15) years, nor more than thirty (30) years, but if such person has a prior conviction (Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117, or under Section 920 of Title 10) or under the laws of any state relating to the sexual exploitation of children, such person shall be imprisoned for not less than twenty-five (25) years, nor more than fifty (50) years, but if such person has two such prior convictions, such person shall be imprisoned not less than thirty-five (35) years, nor more than life (18 U.S.C. § 2251(d)).

    2.    A fine of $250,000 (18 U.S.C. § 3571(b)(3)).

    3.    A term of supervised release of at least five (5) years and up to life (18 U.S.C. § 3583(k)).

    4.    Any or all the above.

**B.**    **As to Count 4: Inducing a minor to engage in illegal sexual activity (18 U.S.C. § 2422(b)):**

    1.    Imprisonment of not less than ten (10) years and not more than life (18 U.S.C. § 2422(b).

    2.    A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

    3.    A term of supervised release of at least five (5) years and up to life (18 U.S.C. § 3583(k)).

    4.    Any or all the above.

**C.**    **As to Count 5: Travel to engage in illicit sexual conduct (18 U.S.C. §§ 2423(b) and 2423(e)):**

    1.    Imprisonment of not more than thirty (30) years (18 U.S.C. § 2423(b)); however, if the defendant has a qualifying prior sex offense conviction (meaning a conviction for an offense under Title 18, United States Code, Chapters 117, 109A, 110 or Section 1591, or under the laws of any state for an offense consisting of conduct that would have be an offense under Title 18, United States Code, Chapters 117, 109A, 110 or Section 1591, if the conduct had occurred within the special maritime and territorial jurisdiction of the United States), the maximum term of imprisonment shall be 3 times the term of imprisonment otherwise provided, unless Section 3559(e) applies (18 U.S.C. § 2426, effective Dec. 21, 2018).

    2.    A fine of not more than $250,000.00 (18 U.S.C. § 3571(b)(3)).

    3. A term of supervised release of not less than five (5) years and up to life (18 U.S.C. § 3583(k)).

    4. Any or all the above.

  **D.** **As to Count 6: Possession of material depicting the sexual exploitation of a minor (18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2)):**

    1. Imprisonment of not more than ten (10) years, but if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, the defendant shall be fined under this title and imprisoned for not more than twenty (20) years, or if the defendant has a prior conviction (Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10) or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than 10 years nor more than 20 years.

    2. A fine of $250,000 (18 U.S.C. § 3571(b)(3)).

    3. A term of supervised release of at least five (5) years and up to life (18 U.S.C. § 3583(k)).

    4. Any or all the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

With respect to Counts One through Six, an additional special assessment of $5000.00 must be imposed as the offenses were committed after May 29, 2015, and the offenses are located within Chapter 110, or 117 of Title 18, United States Code. 18 U.S.C. § 3014(a).

Further, with respect to each of Counts One through Three, pursuant to 18 U.S.C. § 2259A(a)(3), an additional special assessment of not more than $50,000.00 shall be assessed, as the offenses were committed after December 7, 2018, and the offenses are for trafficking in child pornography, as defined at 18 U.S.C. § 2259(c)(1).

Further, with respect to Count Six, pursuant to 18 U.S.C. § 2259A(a)(1), an additional special assessment of not more than $17,000.00 shall be assessed, as the offense was committed after December 7, 2018, and the offense is under § 2252(a)(4).

## V. **RESTITUTION**

Restitution may be required in this case as to Counts One through Six, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663A and 3664.

As to Count Six, pursuant to 18 U.S.C. § 2259(b)(2)(B), the amount of restitution per victim shall not be less than $3,000.00.

## VI. **FORFEITURE**

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney

*/s/ Christian A. Trabold*

CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013

7