**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:25-cr-14 |
| | ) | |
| ROBERT ALAN PEPUS, | ) | |
| | ) | |
| | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF REQUEST FOR PRE-TRIAL RELEASE**

Robert Pepus submits this memorandum in advance of the detention hearing as a reference to aid the Court in considering the facts and arguments he will present more fully at the hearing. Mr. Pepus was charged in a six-count indictment relating to the alleged production of sexually explicit content involving a minor and traveling to Pennsylvania to engage in sexual contact with a minor. He made his initial appearance on Thursday, July 24, 2025, at which time the government requested detention. The Court ordered Mr. Pepus detained on a temporary basis pending a detention hearing. That hearing is now scheduled for July 29, 2025. As explained below, the government will fail to meet its burden of proving that no condition or combination of conditions exist that can ensure the safety of the community if Mr. Pepus is released. Accordingly, the Court should deny the government's request for detention.

## LEGAL STANDARD

The Bail Reform Act creates a rebuttable presumption that "no conditions or combination of conditions will reasonably assure the appearance of the person as required and safety of the community" if there is probable cause to believe that the

defendant committed an offense prescribed under 18 U.S.C. § 2251. *See* 18 U.S.C. § 3142 (e)(3)(E). However, as the Seventh Circuit has explained, "[t]his places a light burden of production on the defendant, but the burden of persuasion always rests with the government and an unrebutted presumption is not, by itself, an adequate reason to order detention." *United States v. Wilks*, 15 F.4th 842, 846–47 (7th Cir. 2021); *see also United States v. Carothers*, No. 3:20-CR-31, 2023 WL 6847586, at *2 (W.D. Pa. Oct. 17, 2023) (noting "[t]he defendant's burden of production is relatively light and has been construed as easy to meet"). To be sure, the presumption can be rebutted by "[a]ny evidence favorable to a defendant that comes within a category listed in § 3142(g) . . . including evidence of their marital, family and employment status, ties to and role in the community, clean criminal record and other types of evidence encompassed in § 3142(g)(3)." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986).

This easy-to-meet standard for rebutting the presumption embodies the purpose of the Bail Reform Act, which makes clear that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). This presumption of release limits pretrial detention to only the most "carefully defined circumstances." *United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987); *see also United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir. 1986) (explaining that the Bail Reform Act codified "the traditional presumption favoring pretrial release for the majority of Federal defendants").

**A.**

Danger to the Community

The question of whether Mr. Pepus is a danger the community centers on whether the government has proved by "'clear and convincing evidence' that no condition or combination of conditions will reasonably assure the safety of any other person and the community." *United States v. Munchel*, 991 F.3d 1273, 1280 (D.C. Cir. 2021). "To find danger to the community under this standard of proof requires that the evidence support such a conclusion with a high degree of certainty." *United States v. Brundidge*, No. 3:23-CR-95, 2023 WL 8880395, at *1 (N.D. Fla. Dec. 22, 2023). And when considering the risk of either nonappearance or danger to the community, courts recognize that "those risks need not be mitigated completely." *United States v. Runsdorf*, No. 22-8015, 2022 WL 303548, at *3 (S.D. Fla. Jan. 24, 2022); *see also United States v. Buford*, No. 22-CR-80060, 2022 WL 1631673, at *3 (S.D. Fla. May 10, 2022) ("A defendant is entitled to be released even if there is a residual—but not unreasonable—risk of non-appearance or danger to the community"). That is so because "[g]iven the choice, at the margin, of releasing a dangerous person or detaining a non-dangerous one, *Congress chose the former*." *Runsdorf*, 2022 WL 303548, at *3 (emphasis added).

**B.**

Flight and Nonappearance

"In the bail context, nonappearance refers to an attempt to avoid submitting to a court's jurisdiction[.]" *United States v. Storme*, 83 F.4th 1078, 1083 (7th Cir. 2023). And as another court has pointed out, "[a] flight-based (or, more accurately,

nonappearance-based) detention decision must rest on facts supported by a preponderance of the evidence." *United States v. White*, No. 3:21-MJ-04070, 2021 WL 2155441, at *8 (M.D. Tenn. May 27, 2021).

## I. Mr. Pepus Has Submitted Evidence Sufficient To Rebut the Presumption Of Detention.

Because Mr. Pepus has been indicted for an offense under 18 U.S.C. § 2251 a rebuttable presumption arises that he remain detained pending trial pursuant to 18 U.S.C. § 3142(e)(3)(E). At the hearing, Mr. Pepus will submit letters which evidence his good character, community and family ties, and stable housing. This is sufficient to meet his relatively light burden to present "some evidence" to rebut the presumption of detention. *See United States v. Anders*, No. 2:23-CR-00046-TL, 2023 WL 4028055, at *3 (W.D. Wash. June 15, 2023) (analyzing the rebuttable presumption in a case involving production of child pornography and finding that the defendant "overcame the presumption of detention based on his strong community ties, stable employment, and stable housing") (alteration adopted and internal quotation marks omitted). Additionally, Mr. Pepus has a steady employment history and no criminal history, both of which further rebut the presumption of detention. Accordingly, this Court should find that Mr. Pepus has rebutted the presumption of the detention and as such, the burden shifts back to the government to show by clear and convincing evidence that Mr. Pepus is not a danger to the community.

## II. THE COURT SHOULD DENY THE GOVERNMENT'S REQUEST FOR DETENTION.

Since Mr. Pepus has offered evidence sufficient to rebut the presumption, the Court must order Mr. Pepus's release unless it determines that no condition or combination of conditions will "reasonably assure" the safety of other persons or the community. In making this decision, the Court considers:

(1) The "nature and circumstances" of the offense charged;

(2) The "weight of the evidence" against Mr. Pepus;

(3) Mr. Pepus's personal "history and characteristics;" and

(4) The "nature and seriousness of the danger" to any person or the community that would be posed by Mr. Pepus's release.

18 U.S.C. § 3142(g)(1)–(4). At the hearing, Mr. Pepus will explain why these factors weigh in favor of release.

Additionally, the recommendation of release and conditions proposed by the Pretrial Services Office further establish that release is appropriate in this case. Another court in this district imposed many of the conditions that pretrial recommended in this case in a case which involved similar offenses as well as several additional charges. *United States v. Kolonis*, No. 2:20-CR-0146, 2020 WL 5253192, at *1–2 (W.D. Pa. Sept. 3, 2020). To the extent that the government may argue that these conditions are insufficient to prevent Mr. Pepus from accessing the internet, "[t]hese claims are speculative and could be applied to anyone facing the same charges." *United States v. Anders*, No. 2:23-CR-00046-TL, 2023 WL 4028055, at *5 (W.D. Wash. June 15, 2023) (revoking a detention order in a case involving one count of production of child pornography as well as other charges and explaining that "[n]o

set of conditions is foolproof" and they do not have to be as the "Act requires only reasonable assurance, and not a guarantee").

Taken together, the proposed conditions are sufficient to reasonably assure the safety of the community and Mr. Pepus's return to court if he is released. And because such conditions exist, he should be released.

**CONCLUSION**

Robert Pepus deserves a chance to demonstrate his ability to comply with comprehensive release conditions short of incarceration. At his upcoming detention hearing, he will request that the Court release him on bond, subject to any conditions the Court deems appropriate.

Respectfully submitted:

/s/ *Jeff Carr*
Jeff Carr
Assistant Federal Public Defender